I was detained in the other courtroom with another argument. I apologize for not being here on the case. I hope not forcibly detained. My name is Jason Carr. I represent the appellant, John Kovac. This case is about the modified categorical approach. I'm happy to report it's almost a unique position for me as a career federal public defender, but the law is firmly on my side in this matter. The case law definitively states that the factual rendition of a PSR cannot be used to prove up a prior offense. Well, you've got a little bit more than a factual rendition. You've got the report of the probation officer, whatever they're called, that this is what defendants said, which to me sounds a lot like what the court was talking about in Taylor, maybe in our case. I keep on forgetting. Corona Sanchez. That it's like if you stood up in court and made the same statement, I mean, let's say this has been the plea hearing. That would have been enough. That's the question left open in Corona Sanchez. Corona Sanchez leaves it open. All right, all right. It's left open, but at least the law does leave open that possibility. So why does the fact that this is reported by an officer of the court, the probation officer, what was the officer that prepared the? The modified categorical approach seeks to answer a very discreet question, and that question is what did this defendant admit to in open court? Did he admit to elements consonant with the federal definition? It doesn't quite say that, does it? It does. That is the essence of the modified categorical approach. When you distill the case law, and this court has said this in its opinions, mental flora is one that comes to mind. The question is what did he plead guilty to? Exactly. Not what he did. Not what he did. What did he plead guilty to in open court? Not what he pleaded guilty to in open court. There's nothing that pleading guilty in open court and making statements in open court is one way of establishing what he actually pled guilty to. But the test is not pleading. I mean, if that were the test, you'd win, and that would be the end of the case. What it says is we have determined, based on judicially noticeable documentation, what he actually pled guilty to. We don't go into the facts of the crime, but we do go and try to figure out what he pled guilty to. Although the facts of the crime often, you know, if he stands up in court and says, well, yes, I admit that I dealt drugs, well, of course, those are the facts of the crime. This is also pleading guilty to a... Here's the thing. You would have a much different case here if you changed one fact. If this State PSR said that during Kovach's change of plea, he said, I sold $20 worth of drugs, we'd have a different case because that puts us into the Corona-Sanchez exception. Well, Corona-Sanchez says, we need not decide in this case whether information contained in a pre-sentence report from an identified acceptable source can constitute evidence under Taylor's modified categorical approach. Exactly. So here we are. Exactly. What Corona-Sanchez is saying is if he had a PSR, a federal State PSR, which was professing to incorporate official State documents, if he had a PSR that said during Mr. Kovach's change of plea, he admitted to the court that he sold $20 worth of drugs, so basically what you have there is a PSR that's summarizing what official court documents say. That's what the Corona-Sanchez opinion is talking about. If you had that particular situation, it's an open question under precedent whether that would qualify. The problem with this statement is we don't know when Kovach said it, to whom, under what circumstances, and did it occur before the change of plea that he made the statement? Did he make the statement in a police report? Did he make it to the most likely scenario? Is he sitting there with the PO during the interview, and the PO says, well, what did you do? This is, of course, after the change of plea. And Kovach says, this is what I did. And the government, if they think about it, is not going to want to come up here and say to the court that the standard should be whatever the defendant's characterization of the offense is. That we should look to state PSRs and see what the defendant said he did, and that should govern the modified categorical approach. And that would take us so far afield from what the original endeavor here is. The whole reason why we don't want to do any of this stuff is because it leads to collateral evidentiary factual issues. What the original Supreme Court case Taylor said was we need to dispense with the factual developments because it's going to lead to all kinds of collateral proceedings. So when we do this categorical approach, what we look at only is official state court documents, change of plea canvas, change of plea agreement, jury instructions, and just look at these official documents and see what it is that this person actually admitted to in open court when he was found guilty of this offense. That is our only inquiry, and it's a reasonable inquiry. Are we really cabbing into that? For example, suppose in Federal court the defendant stands up and said, yes, I was convicted of this, and the elements of the crime were that I gave this rock cocaine and got $20. That would not work. It wouldn't work. It wouldn't work. And Martinez says that. It unites this Court's opinion in Martinez. What the defendant did was right on his change of plea form that he committed a drug offense, a drug trafficking offense. And the Court said that that didn't qualify because it doesn't tell us enough about the ultimate question, which is what did you say when you were guilty? Where is the change of plea, in the State side or the Federal side? In this case, this is a State conviction. Okay. Now, what I'm saying is suppose in Federal court at sentencing the defendant gets up. They put him under oath, and he said, I was convicted of a crime because these are the elements. I took rock cocaine out of my pocket, and I sold it for $20 to this undercover police officer. Would that? That would not work. And it wouldn't work any more than the defendant getting up there and saying. Why wouldn't it? If it's out of his own mouth. If it's out of his own mouth without any objection in the Federal court under oath, why wouldn't that be sufficient? Because we don't want to get. First of all, the courts don't want to set up this dynamic where we're engaging in that kind of inquiry for a lot of reasons. Because if that works, then why don't I do the reverse? Why don't I call Kovach or another defendant and say, well, I didn't really. Although I made it an open court that I did it. When I pled guilty to this offense, I told the court that I did a drug trafficking offense, but I really didn't do that. Well, if he's under oath, he's a liar, and he can be convicted for perjury. But why do we have to go through all of these others if the person is right in the Federal court and under oath admits the elements of the crime? I don't see why you say we're cabined in, that we have to go back and find these State proceedings if in the Federal court we've got them. Is there a case that says we have to do that? Well, the Martinez case, I think, says that. What's definitely implied in that case is that if the guy can't write on his plea forms in that very proceeding what he did and not qualify, then certainly what he says in the clause is not going to qualify. You mean in the State, not write on a change of plea in the State court. Right. That's the point I'm making. It's in the Federal court where the judge is going to sentence him, has him before, under oath. And I don't understand why they wouldn't do that. Taylor itself says he can't do that. They don't want courts to do that. They want to set up this rule that prevents that kind of factual development from happening. And it's a rule of administrative convenience. I might interrupt, though. I mean, if the defendant stipulates as to what happened in State court, doesn't that take it out of the Taylor approach because there's no evidentiary battle about it? Well, then he might have a waiver problem. If the defendant got up and said, you know, I firmly understand I have this right to challenge this conviction, but I'm telling the court that this conviction qualifies and this is what I did, then he'd be waiving the right to bring that up on appeal. Now, if he doesn't waive, answer the question to Judge Thomas, please. Suppose he stipulates to it. That would be a problem. I don't know if that would qualify. I mean, the case law is what it is. And the categorical approach is one of the best means, one of the best things we have going for us in the defense because it is an onerous burden and it does limit the government to what kind of evidence it can present. Right. But it seems to me that it works when you look backwards at historical documents and say this is ambiguous and we don't want to have collateral evidentiary hearings. But when a defendant comes into federal court at sentencing and says, yes, to a judge, this is what I did, or stipulates, then it seems to me that that's what we're trying to get after. Maybe that would be a problem. I think that's what Judge Walsh is asking. I mean, at our sentencing, we vigorously oppose this. We said this states PSR is unreliable. We don't know what these statements mean. They don't prove this prior conviction up at all. It's not our case. You might have a different case if you get up there in federal court and admit that you committed a crime consonant with the career offender. I would still be out there probably arguing that wouldn't work, but that's not the case I have here. Let me see if I understand what you're saying. Before the federal sentencing, this sale of narcotics, controlled substance felony was brought up. It's in the PSR. You objected to that? We objected. During the first round of appeals, I don't think there were any objections. It came back on the remand because the State, the Federal PSR did not say what the statute of conviction was. So it came back, the Court sent it back after the first or the second appeal to determine whether or not this prior conviction qualifies. So when we had the second sentencing hearing, we objected and said there's not enough official documentation to prove that this person was convicted of a crime consonant with the federal career offender drug trafficking definition and that the State PSR can't be relied upon. It's unreliable. It probably used police reports, which are unreliable, and we don't know what this statement is or where it came from. But I'm not worrying about the State PSR. I'm worrying my question is directed specifically to whether you objected to the inclusion of paragraph 30 in the Federal PSR to be considered by the judge. Right. We filed a sentencing memorandum before the remand for resentencing saying that the Federal PSR, that we objected to that characterization, that the government, we're going to hold the government to its burden under the category of quote. On paragraph 30, you objected to it. Right. We filed a sentencing memorandum making the same objections that we're raising on appeal, and we said the same thing in sentencing. Now, in sentencing, the argument focused on were the government's documentation, was that enough under the modified, essentially. But we did say, you know, that we're going to put the government to their burden of proof, and during sentencing we said that they didn't meet it. Okay. You objected then to paragraph 30. So ordinarily when there's an objection to one of the paragraphs, there's a disagreement, the district judge either has to hold a hearing or otherwise say he's not going to consider it. Which did he do? Well, I guess perhaps I don't completely understand your question because the way I perceive the categorical approach is a burden problem. And what we said is that we're going to put the government to its burden of proving that the conviction enumerated in paragraph 30 meets the Federal definition. And what the district court held was that the government met their burden by way of submission of the documents that are part of the record now. Isn't the short answer what the district court judge said on the page? I'm not going to say it. Excerpt to record 54. And so I find that paragraph 30 of the pre-sentence report, which is objected to, is appropriate and correct. And paragraph 30 taken together with 32 provides the two antecedent offenses under 4B1.1. That is the answer. Okay. That is exactly what the district court ruled. I have no time for rebuttal. If I could have a few minutes perhaps, I understand the Court's not going to give it to me. But I'm well over time. Yeah. Okay. We'll hear from the government. Thank you, Dr. Thomas, and to the government. Following up, Judge Thomas, on what you were talking about, whether or not, or both Judge Wallace and Judge Thomas, what you were talking about, whether or not if the defendant comes into Federal court during sentencing, swears and says, yes, in fact, I pled guilty to sale of cocaine, we would argue that, in fact, yes, it should be, that should be sufficient. Sure. But that's not this case. And I know it. That was merely a first step. The second step would be if they don't object to the Federal pretrial recitation, then perhaps we should consider that. But that isn't relevant here. Apparently an objection was made to paragraph 30. That's exactly where I was going, sir. He never objected to the fact that he objected that what he was convicted of was broader, but he never said I never pled guilty to sale of cocaine. I don't guarantee you'd win on that one either on your hypothetical. I'm sorry, sir? I don't guarantee you'd win on your hypothetical either. If you look at Martinez, I think that's in doubt. The defendant comes into Federal court and says that's what happened. And I think if you read Martinez closely, it says we don't look at facts, and we don't want to get into the rat hole of having to reverse engineer proceedings in state court. And this is exactly the kind of thing we don't do. So don't just take your hypothetical as being a gimme, because it's not. No, I agree. I agree, Your Honor. But assuming it to be a gimme. Well, and I make the point only that what the important thing to look at here is the distinction is what was objected to. The objection was that the statute he pled guilty to was overbroad. It was not an objection to the factual recitation in the PSR.  Right. And we can see that, Your Honor. But I think it is. So once that objection is made and sustained, you can come in and fill the gap and say, but nevertheless, even though the statute is overbroad, here's why it's okay anyway. Right. I don't see why they have to make another objection. Well, Your Honor, I raise that point only when you read. What do they object to? What other thing would they object to? They said the statute is overbroad, and they're right. You could have said, Your Honor, wait a minute. No, I did not plead guilty to sale of cocaine. I pled guilty to transportation of cocaine, which is outside the definition of the guy's law.  You just said, I pled guilty to a generic crime, which is overly broad and can't be considered. So that's the end of it on that. Then you go down to the modified approach. And all we have on that, just to steer your argument here, is a statement in a state PSR. And if Martinez is right, you can't even use the guy's handwriting, his handwritten confession. How can we use a hearsay statement in a state PSR? And, Your Honor, Martinez is difficult for the government. But we would argue that in this case, this particular fact pattern, what you look at, obviously, you go through the Taylor approach. We now are in the modified categorical approach. We look at all the documentation. The government amasses all the documentation that we can in this case. And I can offer to the Court my understanding. We were not able to obtain any written plea agreement in the case. So we need to define. Martinez, you might argue that Martinez is distinguishable. I mean, it uses two rationales that either back each other up or that either are redundant rationales or maybe they're part of the same rationale. One of the rationales was that all the guy admitted to was the generic description of the crime. He wasn't really admitting to specific facts. Now, if I read the opinion, I think the more plausible reading of the opinion is that it says, first of all, we don't get into facts to begin with. And that's an independent rationale. And the second one is if you do get into the facts here, the facts are just generic. He's not really telling us anything more than the generic statute. So she might argue that they are not truly independent rationales in Martinez. And, Your Honor, it also is distinguishable in that the information that we are asking the Court, and which Judge Hagan did cite to in his determination, was a fact of an admission of the defendant to an independent officer of the Court,  No, the State Court, we don't. I mean, they vary in quality. We know what our federal, and they do a fine job in the federal system, but the state systems are spotty in quality. Some are good, some are not. And so the question here is, we don't want to, I mean, the underlying theory of Taylor, and we take Taylor from the Supreme Court, is that we don't want collateral hearings. So what happens, let's play this out a little bit. The defendant comes in and says, I did not say that to the officer. The officer's long gone. He got the piece of paper. How do we weigh that? We don't want those kind of proceedings, and so I think the theory of it is, let's take a look at the historical documents of record, and whether it's a plea agreement, did he say this in court, did he admit to a crime, how did he admit to the facts of the crime in a judicial proceeding, and let's not use these collateral sources. So, I mean, with that theory, give me your best argument. Well, Your Honor, the State PSR is part of that judicial process. It's part of that continuum, the change of plea, the investigation, the sentencing by the court, and the court relied on that document as part of the judicial process, as part of the defendant's processing through the system to make his determination to determine what the sentence is. And the probation officer has an obligation to provide accurate information. But one way we know about Federal PSR is that we have this procedure where the PSR is prepared and then the defendant gets, or the government gets a chance to object to specific things in it, and if there's no objection, they are deemed to be admitted and the district court is then free to adopt them, and usually does adopt them. Is there any such procedure in the, in the, in the, in the courts of Nevada where this was never, what? No, Your Honor, this was California State Court, which I am not, I am not sure if there is. In California, okay. But I can say there is nothing in the record which makes any mention of the fact that he objected to the PSR, excuse me, to the probation report. But we don't know. Since we don't know the procedure, we don't know whether he could have objected or whether if he had objected, that would have put it at issue. There is certainly nothing, there is no record of a proceeding where the judge says, you know, since there was no objection to any of the findings in the PSR, I adopt them. If it was something like that, then you would be in business because the court would have adopted it, the defendant would have had a chance to dispute, and by failing to dispute, he would have waived or adopted what he had said. But we don't have anything like that. We don't, Your Honor, but we do have on the excerpt of record, page 36, where the judge, Catherine Stultz, signs, I have read and considered the foregoing report of the probation officer. I'm sorry, this is where? Excerpt of record, page 36, Your Honor. And this is the end of the probation report. And just one point, if I could address it, is that what the argument or the ---- This is the signature block. Of judge of the superior court in the lower right-hand portion of the page. Right. The problem, though, I mean, let me stop here, though, and I'm unfamiliar. I don't know, we don't know in this case what happened, but I have seen cases when the district, state district judge or trial court receives information that's never disclosed to the defense. Letters from people, other materials that are in the file. And that's, we just don't know the quality. I mean, I guess I don't see anything in this record that would give me the feel that there's an independent, verifiable process in state court that elevates us to the level we need. The response I would have to that, Your Honor, is the fact that one of the issues that the circuit has had with regard to using state PSRs and the factual recitation by state and federal PSRs is that typically a probation officer takes the police report, slashes it into the factual recitation and then hands it to the court as if that is exactly what happened. But in this case it's a distinction. We have information from the defendant stating what happened in this case, not from the police report. And we would argue that that rises or raises the legitimacy or the credibility of the information and really leaves no, and I would argue unequivocally, what happened in this case. That when he pled guilty there was absolutely no other information with regard to what happened in this case other than what is in this PSR in terms specifically as to what he had pled guilty to. And when you have information from the defendant in a document that's adopted by the independent, unbiased arm of the court, investigative arm of the court, that that is sufficient for the district court when looking and trying to go back and determine exactly what occurred, that that is a reasonable inference, that in fact that's what he pled guilty to. There's absolutely no other information that he pled guilty to anything else. Let's say the PSR, state PSR, said the defendant told the police officers that. That, I would, Your Honor, say that would be a big difference. Why? I mean, the state district court is adopting it. Well, because that would infer that he's taking, that the probation officer's taking that from a police report. Sure. And not. But then, but by your argument, if the state district court adopts the PSR, then that cleanses it because it adopts everything that's in there, right? Yes, sir. I think, well, I think it elevates. As opposed to cleanse it, I think it does give it more legitimacy as to what the cleansing elevates. Sure. Yeah. But I mean, you have the same problem is that the, we don't know that the processes are sufficient to ensure that it is the equivalent of an admission by the defendant in open court. Well, Your Honor, I think, I mean, we have to trust the process to some degree. And I agree that there are different levels of quality of probation officers. But when we are charged with this responsibility of going back and trying to figure out what happened 15 years ago, I would argue we need to give some legitimacy to this documentation. And the way this, the information that we're focusing in on this case is presented as, and you look where the source of the information, where he talks about it in the report, is from the defendant, we would argue that that distinguishes the other situations that have been presented in this court where they've, where you've said that it is not use or you cannot use them. Even when it's on the defendant's own handwriting and says I did it? Well, again, and I would agree with Judge Kaczynski. That was where he was saying I had pled guilty. Whereas here you have specific, where he is making a specific statement. I sold $20 to an, or I sold $20 worth of cocaine to an undercover police officer. That sounds to me like when the judge says, well, tell me what you did, why are you pleading guilty? I sold $20 to an undercover, or $20 worth of cocaine to an undercover police officer. And when you take that and you combine it with the judgment and conviction as to what he had pled guilty to, where it says in the judgment that we presented to the district court that the complaint which was read to the defendant and the defendant pled guilty to it, and again, much, you know, it's the lazy man's complaint in this case as well, unfortunately, where it just verbatim mirrors the language of the statute. But when you take that in conjunction with the PSR and the specific information, and it's not the defendant pled guilty to the California violation. It says defendant. Right. I understand that. But, you know, in some jurisdictions until recently, they didn't let the defense see the PSR at all. So what do we do with that? Secret information comes into the court, and then suddenly credit is credited later with a sentence enhancement. Well, again, we have to assume that the court took the plea. I don't know what happened in here. Well, but it, I mean. They said he read the PSR. Read the PSR, and the same judge took the plea. Right. And obviously if the court read and said, well, wait a minute, there's some very two distinct things, or a big discrepancy between what the defendant is telling the probation officer, which I've just read now. In other words, if the defendant said, you know what? I didn't do it. I was framed. I had nothing to do with this. I would argue that I doubt very highly that the State court judge would then say I consider this adopted and ignore the fact. Adopt. He said he'd read it. Adopt is a big difference. Well, I. Here it is. No, no, I agree. If I adopt the findings of the PSR, that's a judicial finding. I read the PSR means you read it. It's a big difference, I think. Well, no, no, I agree. He did not say adopt. But he does say consider. Yeah. Well, it's a tough thing you've got to. We're dealing with old historical records. I appreciate your problem. Okay. Thank you. Here's your sign. You will stand for a minute. We are adjourned. Thank you. Thank you. Thank you. Thank you. Yes. Yesterday. Oh, yeah. Just tell us.  Sure. Forget. Yeah. Not be done. Marcos first.
judges: Wallace, Kozinski, Thomas